## Case No. 11,468.

### In re PUPKE et al.

[1 Ben. 342.] [1]

District Court, S. D. New York.   Aug., 1867.

BANKRUPTCY PRACTICE—DEMANDING JURY—ADJOURNMENT.

1. Whether, in proceedings in involuntary bankruptcy, a jury can be demanded on any day but the return day, quere.

2. By consent of parties, an adjourned day may be held to be the same as the return day.

[In the matter of G. & H. Pupke, bankrupts.] This was a case of involuntary bankruptcy. On the return day, Mr. A. F. Smith, who appeared in behalf of the debtors, stated to the court that arrangements were being made for a compromise of the matter, to carry out which it had been agreed that the proceeding should be adjourned, but, if the compromise should fall through, he should want a jury; and he inquired of the court whether he would, under the act [of 1867 (14 Stat. 517)], have the same right to demand a jury on the adjourned day, as on this the return day.

BLATCHFORD, District Judge (after looking at the statute), expressed some doubt whether a jury could be demanded on any day but the return day. But the counsel for the petitioning creditor saying that he had no objection, the judge ordered the case to be adjourned, making it a part of the order, that the adjournment was to be "with like effect, in all respects, as if that day were the return day of the order, instead of this day."